OPINION
PER CURIAM.
Yinpeng Huang, his wife (Sujun Yan), and their adult son (Pu Huang) petition for review of the Board of Immigration Appeals’ (“BIA”) decision denying their motion to reopen their removal proceedings. For the reasons that follow, we will deny the petition.
I.
Petitioners are natives and citizens of the People’s Republic of China. In 1997, Yinpeng Huang entered the United States without being admitted or paroled, and Yan and Pu Huang followed suit in 1998. Petitioners were ultimately placed in removal proceedings, and they each applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In support of their respective applications, they argued that they feared returning to China because, inter alia, Yinpeng Huang had become involved with the China Democratic Party (“CDP”) since arriving in the United States.[1]
In May 2007, after a hearing on the merits, the Immigration Judge (“IJ”) denied the Petitioners’ respective applications. The IJ rejected Petitioners’ CDP-related claim, finding that Yinpeng Huang lacked credibility and had failed to provide evidence that Petitioners would likely be tortured if removed to China. In October 2008, the BIA held that the IJ did not err in rejecting that claim. The BIA noted that the IJ had “provided specific, cogent reasons for discrediting the claim,” and that the discrepancies in the testimony went to the heart of the claim. (BIA Decision of Oct. 14, 2008, at 2.) The BIA further concluded that Petitioners had not established that they would likely be tortured if removed to China.
In February 2009 — more than ninety days after the BIA’s final order of removal — Petitioners moved to reopen their removal proceedings, arguing that the conditions in China had changed with respect to their CDP-related claim. In support of the motion, Petitioners submitted the following: (1) an affidavit from Yinpeng *181 Huang, as well as letters from relatives in China, stating that Chinese officials had visited those relatives and warned that Yinpeng Huang would be imprisoned if he returned to China; (2) the U.S. State Department’s 2007 Country Report for China; and (3) a 2003 court record from a case in China in which a member of the CDP was sentenced to five years’ imprisonment for “instigating and subverting state power.” (See App. at 125-26.) The BIA ultimately denied the motion, concluding that Petitioners’ evidence did not establish changed country conditions. The BIA also declined to exercise its sua sponte authority to reopen the case. Petitioners now seek review of this most recent BIA decision.
II.
We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1), and review the BIA’s denial of Petitioners’ motion to reopen for abuse of discretion.[2] See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir.2002). Under this deferential standard, we must uphold the BIA’s decision unless it is “arbitrary, irrational, or contrary to law.” Id. at 174 (quotation marks and citation omitted).
An alien generally must file a motion to reopen within ninety days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). There is no such time limit, however, if the alien’s motion “is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.” 8 U.S.C. § 1229a(c)(7)(C)(ii). To prevail on their motion, therefore, Petitioners had to show that their evidence of changed country conditions was both new and material.
Petitioners first argue that the BIA abused its discretion by not adequately considering Yinpeng Huang’s affidavit and their relatives’ letters. Although we have remanded where the BIA has “fail[ed] to discuss most of the evidentiary record,” see Zheng v. Att’y Gen. of U.S., 549 F.3d 260, 269 (3d Cir.2008), that situation is not present here. The BIA’s decision not only specifically referred to the affidavit and letters, but also quoted the affidavit’s central claim, reflected in the letters, that relatives in China “were warned that [Yin-peng Huang] would be arrested and sentenced to many years in prison for [his] anti-Chinese government activities.” (BIA Decision of Mar. 31, 2009, at 1-2.) Although we recognize that the BIA’s analysis could have been more detailed, we are confident that the BIA properly considered the entire record in reaching its decision. See Sevoian, 290 F.3d at 178 (stating that the BIA “is not required to write an exegesis on every contention, but only to show that it has reviewed the record and grasped the movant’s claims” (internal quotation marks and citation omitted)).
Petitioners next argue that the BIA abused its discretion in concluding that their evidence failed to establish changed country conditions. We disagree. First, as the BIA highlighted in its decision, the 2003 court record from China concerned neither Petitioners nor similarly situated others. Second, although Petitioners note that the 2007 Country Report for China states that some CDP members have been incarcerated at psychiatric hospitals for the criminally insane and reeducation-through-labor centers, similar information is set forth in the 2006 Country Report, which was part of the record in *182 Petitioners’ removal proceedings. Finally, the relatives’ letters, upon which Yinpeng Huang’s affidavit seemingly relies, do not reflect changed country conditions, as they state that the Chinese officials’ visits and warnings date back to 2005. Indeed, Yin-peng Huang testified to this fact during Petitioners’ removal proceedings. None of the letters indicates that the circumstances have materially changed since those proceedings transpired.
In light of the above, we conclude that the BIA did not abuse its discretion in denying Petitioners’ motion to reopen.[3] Petitioners’ argument that a failure to reopen would amount to a due process violation lacks merit. Accordingly, we will deny the petition for review.

. Their applications alleged two other bases for their fear of returning to China: (1) in 1992, Chinese officials forced Yan to abort a pregnancy; and (2) in 2001, Yan gave birth to a second child, in violation of China’s family planning policy. Those claims are not at issue here.

. We do not, however, have jurisdiction to review the portion of the BIA's decision declining to exercise its sua sponte authority to reopen the case. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir.2003).

. Because the BIA did not err in concluding that Petitioners' evidence failed to show changed country conditions, we need not consider Petitioners’ argument that their motion demonstrated prima facie eligibility for asylum, withholding of removal, and CAT relief. See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (stating that an alien's failure to submit new, material evidence and his failure to establish prima facie eligibility for relief are independent grounds for denying a motion to reopen).